IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALENA BORICH,

    Plaintiff,

vs.                                                    CASE NO.:

**VACATION RENTALS PROS PROPERTY MANAGEMENT, LLC,**

    Defendants.

_____/

## COMPLAINT

Plaintiff, ALENA BORICH, by and through her undersigned counsel, sues the Defendant, VACATION RENTALS PROS PROPERTY MANAGEMENT, LLC, a Florida company, and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

2. Venue lies within United States District Court for the Middle District of Florida, Jacksonville Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, ALENA BORICH ("Borich"), is a resident of Volusia County, Florida at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

4. Defendant, VACATION RENTALS PROS PROPERTY MANAGEMENT, LLC,

is a Florida company authorized and doing business in this Judicial District.

5. At all times material herein, Plaintiff was a non-exempt employee of Defendant, pursuant to 29 U.S.C. § 203(e)(1).

6. Defendant, VACATION RENTALS PROS PROPERTY MANAGEMENT, LLC, is an employer within the meaning of 29 U.S.C. s. 203(d) and subject to the Fair Labor Standards Act because is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

7. Defendant is an "employer", as defined by the laws under which this action is brought and employs more than ten (10) employees.

## FACTUAL ALLEGATIONS

8. Plaintiff, ALENA BORICH, was employed with Defendant from approximately May 2017 to November 2019 as a full time Operations Coordinator earning $18.00 an hour.

9. During the course of Plaintiff's employment, Plaintiff worked between 50 to 65 hours per week.

10. Plaintiff was not compensated at the rate of at least one and a half times her regular hourly rate of pay pursuant to the Fair Labor Standards Act (FLSA) for all hours worked over forty (40) in the work week.

11. In fact, Plaintiff was paid one and a half times her regular hourly rate of pay pursuant to the Fair Labor Standards Act (FLSA) for some hours over forty (40), but never for any hours over forty-five (45) in a given week.

12. Plaintiff regularly performed work off the clock each week for the benefit of Defendant.

13. Plaintiff was not exempt from the overtime provisions of the FLSA.

14. In fact, Plaintiff is entitled to overtime compensation for all overtime hours worked under the FLSA.

15. Plaintiff has retained the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA") – OVERTIME

16. Plaintiff realleges paragraphs one (1) through fifteen (15) as though set forth fully herein.

17. The employment of Plaintiff provided for a forty (40) hour work week but throughout her respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

18. At all times material, Defendant failed to comply with 29 U.S.C. § 201 *et seq.*, in that Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate Plaintiff at the rate of time and one-half her regular rate of pay for the hours worked over forty (40) in a work week.

19. Defendant's failure to pay Plaintiff the required overtime pay was intentional and willful.

20. As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, ALENA BORICH, respectfully request all legal and equitable relief allowed by law including judgment against Defendant, VACATION RENTALS PROS PROPERTY MANAGEMENT, LLC, for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
## UNPAID WAGES

21. Plaintiff realleges paragraphs one (1) through fifteen (15) as though set forth fully herein.

22. Plaintiff has earned unpaid wages which are owed and payable by the Defendant employer pursuant to Chapter 448, *Florida Statutes*.

23. Despite the Plaintiff's reasonable attempts to obtain payment of these earned monies, Defendant has failed and refused to make payment as required by Chapter 448, *Florida Statutes*.

24. As a direct and proximate result of the Defendant failure to pay Plaintiff her unpaid wages, Plaintiff has retained the undersigned counsel and is obligated to pay their costs and attorneys' fees.

**WHEREFORE**, Plaintiff, ALENA BORICH, respectfully request all legal and equitable relief allowed by law including judgment against Defendant, VACATION RENTALS PROS PROPERTY MANAGEMENT, LLC, for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendant's unlawful pay policy and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

25. Plaintiff, ALENA BORICH, requests a jury trial on all issues so triable.

**DATED** this 13th day of May 2020.

        **FLORIN GRAY BOUZAS OWENS, LLC**

        */s/Hunter A. Higdon*
        **HUNTER A. HIGDON, ESQUIRE**
        Florida Bar No.: 85963
        Primary: hunter@fgbolaw.com
        Secondary: debbie@fgbolaw.com
        16524 Pointe Village Drive, Suite 100
        Lutz, FL 33558
        Telephone (727) 254-5255
        Facsimile (727) 483-7942
        Attorney for Plaintiff