**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**ALENA BORICH,**

    **Plaintiff,**

vs.                                                CASE NO.: 3:20-cv-490-J-39JRK

**VACATION RENTAL PROS PROPERTY
MANAGEMENT LLC,**

    **Defendants.**

_____/

**JOINT MOTION TO APPROVE FLSA SETTLEMENT
AND FOR DISMISSAL WITH PREJUDICE**

Plaintiff, ALENA BORICH, and Defendant, VACATION RENTAL PROS PROPERTY MANAGEMENT LLC ("Defendant")[1] (Plaintiff and Defendant will collectively be referred to as the "Parties"), respectfully request that the Court review the resolution of Plaintiff's FLSA claims, approve the Parties' settlement of those claims, and enter an Order dismissing this action with prejudice, and in support thereof state as follows:

1. Plaintiff's Complaint alleges claims for unpaid overtime compensation against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. The Parties had a bona fide dispute under the FLSA. Defendant asserts that it had a fully functional timekeeping system which Plaintiff regularly utilized. Moreover, during the weeks where Plaintiff worked more than forty hours in a workweek, she was paid time and one half her regular rate of pay for such hours worked. Defendant also asserts that it had reasonable grounds to believe it complied with the FLSA at all times, that it has acted in good faith and not

---

[1] Incorrectly named Vacation Rentals Pros Property Management, LLC in the Complaint.

1

willfully in violation of the FLSA and, as such, maintains that it was not liable for any unpaid overtime or minimum wages to Plaintiff.

3. Each Party conducted research regarding the various relevant legal issues involved, and exchanged information, including information regarding Plaintiff's hours worked and pay received. As a result of settlement discussions, the Parties have fully and completely settled all disputes between them relating to the FLSA claims in the Complaint. In exchange for Defendant's payment of a settlement sum to Plaintiff, Plaintiff has agreed to release Defendant from the FLSA claims brought in the Complaint. The Parties agree this is a fair and reasonable settlement of a bona fide dispute considering the defenses asserted by Defendant and other areas of disagreement.

4. As to this FLSA action, the Parties have agreed upon the Settlement Agreement, attached hereto as Exhibit "A". The Parties respectfully request that this Court accept and approve the Settlement Agreement, and dismiss Plaintiff's Complaint, with prejudice.

## MEMORANDUM OF LAW

**I.  Standard of Review.**

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . .
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

In accordance with *Lynn's Food*, the Court's review of the attached Agreement is to determine if the settlement is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.  In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits:
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See, e.g, Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3 (M.D. Fla. Jan, 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

**II.    All of the Relevant Criteria Support Final Approval of the Settlement.**

Plaintiff acknowledges that this settlement provides for full and fair payment for all unpaid overtime and minimum wages to which she may be entitled as alleged in the Complaint. Accordingly, the settlement is fair. *See Davidson v. Orange Lake*, Case No. 6:06-cv-1674-Orl-19KRS, 2008 U.S. Dist. LEXIS 32438, at *2 (M.D. Fla. 2008) (because plaintiff received all past due compensation to which she was arguably entitled under the FLSA, the settlement was fair and there was no need for judicial scrutiny of the agreement).  Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS

92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each Party was independently represented by counsel with experience in litigating claims under the FLSA. Each counsel was obligated to and did vigorously represent his clients' rights.

The probability of success on the merits, and the complexity, expense, and length of future litigation and the potential for a trial on these matters also weigh in favor of this settlement. The Parties continue to disagree over the merits of the claims asserted. If the Parties were to continue to litigate and undertake a trial of this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter. Over the course of several months, the Parties exchanged discovery and information regarding Plaintiff's claims. In agreeing upon the proposed settlement, the Parties conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

Finally, the Court should evaluate the reasonableness of the proposed attorneys' fees. *See Helms*, 2006 U.S. Dist. LEXIS 92994, at *6-7; *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557 (1992). Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both parties stipulate as to the reasonableness of the attorney's fees. *Id.* at 12; *see also Passeri v. Apria Healthcare, Inc.*, Case No. 3:09-cv-257, at *2 f. 3 (M.D. Fla. Feb. 3, 2010) [Dkt. 22] ("As the total fee award sought in this case is not patently unreasonable and Defendant does not contest the reasonableness of the award, the Court has not

4

conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market."). Here, the Parties stipulate to the reasonableness of the proposed fees for the purposes of settlement. Additionally, the Parties negotiated the attorneys' fees and costs separately and without regard to the amount of Plaintiff's recovery. *See Bonetti v. Embarq Management Co.*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009). Therefore, the Parties request that the Court find that the proposed attorneys' fees are reasonable.

## CONCLUSION

WHEREFORE, ALENA BORICH and VACATION RENTAL PROS PROPERTY MANAGEMENT, LLC respectfully request that this Honorable Court enter an Order: (i) GRANTING this Motion; (ii) APPROVING the settlement of Plaintiff's claims under the Fair Labor Standards Act; (iii) DISMISSING this case with prejudice; and (iv) ORDERING such further relief as the Court deems appropriate.

DATED this 16th day of October, 2020.

Respectfully submitted,

| | |
|---|---|
| FLORIN GRAY BOUZAS OWENS, LLC<br>16524 Pointe Village Drive<br>Suite 100<br>Lutz, FL 33558<br>Telephone: 727-220-4000<br>Facsimile: 727-483-7942 | JACKSON LEWIS P.C.<br>501 Riverside Avenue<br>Suite 902<br>Jacksonville, FL  32202<br>Telephone: 904-638-2655<br>Facsimile: 904-638-2656 |
| By:  */s/ Hunter A. Higdon*<br>     Hunter A. Higdon<br>     Florida Bar No. 85963<br>     hhigdon@fgbolaw.com<br><br>Attorney for Plaintiff | By:  */s/ B. Tyler White*<br>     B. Tyler White<br>     Florida Bar No. 038213<br>     tyler.white@jacksonlewis.com<br>     Katherine B. Brezinski<br>     Florida Bar No. 1002924<br>     Katherine.brezinski@jacksonlewis.com<br><br>Attorneys for Defendant |

# EXHIBIT A

4812-0182-9069, v. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALENA BORICH,

    **Plaintiff,**

vs.                                CASE NO.: 3:20-cv-490-J-39JRK

**VACATION RENTAL PROS PROPERTY
MANAGEMENT LLC,**

    **Defendants.**
_____/

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

    This Fair Labor Standards Act ("FLSA") Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **ALENA BORICH,** on behalf of herself, heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "**Borich**") and **VACATION RENTAL PROS PROPERTY MANAGEMENT LLC** ("**Defendant**")[1]. Throughout this Agreement, Alena Borich and Vacation Rental Pros Property Management LLC shall collectively be referred to as the "Parties."

    WHEREAS, Borich was employed by Vacation Rental Pros Property Management LLC;

    WHEREAS, Borich has alleged unpaid compensation was due to her pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, in the above referenced lawsuit styled, *Alena Borich v. Vacation Rental Pros Property Management LLC*, Case No. 3:20-cv-490-J-39JRK (the "Action");

    WHEREAS, Defendant adamantly denies any and all liability and/or wrongdoing with respect to Borich; and,

    WHEREAS, the Parties wish to avoid litigation, its inherent uncertainties, and desire to settle and resolve the controversy and Action between them amicably and expeditiously;

    WHEREAS, the Parties agree that neither the making of this Agreement nor anything contained herein shall, in any way, be construed, considered, or deemed to be an admission by Defendant of guilt, liability, wrongdoing, or of noncompliance with, or violation of, any federal, state, or local statute or law, public policy, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

    NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

---

[1] Incorrectly named Vacation Rentals Pros Property Management, LLC in the Complaint.

1. **RECITALS**. The foregoing recitals are true and correct, and are incorporated herein by this reference.

2. **RELEASE OF FLSA COMPENSATION CLAIMS**.

    A. <u>Release of All Compensation-Related Claims</u>. Borich knowingly and voluntarily releases and forever discharges Vacation Rental Pros Property Management LLC, and all of its parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, partners, owners, members, shareholders, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Borich had, has, or may have against Releasees as of the date of execution of this Agreement in connection with her alleged entitlement to any compensation through her employment with Vacation Rental Pros Property Management LLC, including, but not limited to, any alleged violation of:

    - The Fair Labor Standards Act ("FLSA");
    - any other federal, state or local law, rule, regulation, or ordinance regarding employment compensation that may relate to the FLSA;
    - any compensatory damages, including liquidated damages, and all other damages related to her compensation claims alleged in the Action; and/or
    - any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters other than as set forth in this Agreement.

    B. <u>Government Agencies</u>. Nothing in this Agreement prohibits or prevents Borich from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding, or other proceeding before any federal state, or local government (e.g. EEOC, FCHR, DOL, etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Borich's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Borich agrees that if such an administrative claim is made, Borich shall not be entitled to recover any individual monetary relief or other individual remedies. Borich acknowledges and affirms that she has not filed a complaint with, is not participating, testifying, or assisting in any investigation, hearing, or proceeding before any federal, state, or local government agency, is not aware of any such proceedings, and as of the time of this Agreement has no alleged claims against any of the Releasees which may be subject to any investigation, hearing, whistleblower proceeding, or other proceeding before any federal state, or local government agency.

    C. <u>Collective/Class Action Waiver</u>. If any claim is not subject to release by this Agreement, to the extent permitted by law, Borich waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any other Releasee identified in this Agreement is a party.

3.     **CONSIDERATION**. In consideration of the terms and obligations set forth in this Agreement, Defendant agrees to pay Borich the total amount of Fourteen Thousand Nine Hundred Dollars and No Cents ($14,900.00), allocated as follows:

A.     A check in the amount of Three Thousand, Seven Hundred and Ninety-Four Dollars and Zero Cents ($3,794.00), less lawful withholdings, made payable to Alena Borich representing all alleged unpaid compensation, including overtime compensation and other wages, for which an IRS Form W-2 will be issued to Alena Borich; and

B.     A check in the amount of Three Thousand, Seven Hundred and Ninety-Four Dollars and Zero Cents ($3,794.00) made payable to Alena Borich representing all alleged liquidated damages for which an IRS Form 1099 will be issued to Alena Borich, reporting the amount as "other income." No deductions shall be made from this check; and

C.     A check in the amount of Seven Thousand, Three Hundred and Twelve Dollars and No Cents ($7,312.00) made payable to Borich's Attorneys, Florin Gray Bouzas Owens, LLC, for attorneys' fees and costs, for which an IRS Form 1099 will be issued to Florin Gray Bouzas Owens, LLC (Tax ID No.: 82-1219652). ***Borich specifically is aware of, and agrees to, the consideration to be paid to her attorneys for representing her interests in this matter***.

4.     **ACKNOWLEDGEMENTS & AFFIRMATIONS**.

A.     Borich affirms that she has not filed, caused to filed, or presently is a party to any claim against Releasees, except for the Action. Borich has released the claims contained in the Action under this Agreement.

B.     Borich affirms that the above Consideration constitute full, complete, and uncompromised payment for any and all compensation claimed in the Action. Borich also affirms that she has been paid and/or has received all compensation or relief which could have been claimed in the Action, including any and all claims for unpaid compensation, overtime, liquidated damages and attorneys' fees and costs under applicable federal, state, or local law. Borich further affirms that if, in the future, she alleges that Vacation Rental Pros Property Management LLC or any of the Releasees, has in any way violated the FLSA, Borich expressly authorizes Defendant and/or any Releasee, to file an unopposed motion or request for approval of this settlement from a court of competent jurisdiction and/or the United States Department of Labor, and shall indemnify Defendant and Releasees for any attorneys' fees and costs incurred in seeking such approval.

C.     The Parties acknowledge that the attorneys' fees set forth in this Agreement were negotiated separately and without regard to the amounts paid to Borich. Borich further affirms that the attorneys' and costs in this case are without regard to the amounts paid to her, and that the settlement negotiations have not directly or indirectly resulted in a compromise of her claim for unpaid wages, or the amount of unpaid wages and liquidated damages that will be paid to her pursuant to this Agreement, including but not limited to any and all negotiations relating to attorneys' fees or costs.

3

        D.      Borich agrees to pay federal or state taxes, if any, which are required by law to be paid by her with respect to this settlement. Moreover, Borich agrees to indemnify Releasees and hold them harmless from any interest, taxes, or penalties assessed against them by any governmental agency as a result of Borich's non-payment of taxes on any amounts paid to Borich or her attorneys under the terms of this Agreement. However, Vacation Rental Pros Property Management LLC agrees to pay all payroll taxes and withholdings for which it is legally responsible as a result of the Consideration reflected in Section 3(A) of this Agreement.

      5.      **DISBURSAL OF SETTLEMENT FUNDS/DISMISSAL OF ACTION.**

        A.      The settlement payments described in Paragraph 3 above will be sent to counsel for Borich's office **via FedEx or UPS delivery** (c/o Hunter A. Higdon, Esq., 16524 Pointe Village Drive, Suite 100, Lutz, Florida 33558) within ten (10) days after all of the following have occurred: (i) counsel for Defendant receives a copy by email of this Agreement signed by Borich; (ii) counsel for Defendant receives an executed W-9 Form from Borich's counsel and Borich, and an executed W-4 Form from Borich; and (iii) the Court approves the settlement of the Action and dismisses the Action with prejudice.

        B.      The Parties agree to work together in good-faith and make all necessary and appropriate action to ensure that this Agreement obtains the Court's approval, including the preparation and filing a Joint Motion to Approve this Agreement, and the dismissal of the Action with prejudice.

      6.      **NO CONSIDERATION ABSENT EXECUTION OF THIS AGREEMENT**. This Agreement sets forth the entire agreement between Borich and Defendant as to settlement of her FLSA claims and any other claims Borich may have for unpaid compensation arising out of her employment with Vacation Rental Pros Property Management LLC, including unpaid overtime, that are contained, or may have been raised, in the Action. Borich acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except those set forth in this Agreement and that her execution of this Agreement is not conditioned on any other act except for those described herein.

      7.      **NO ADMISSION.** Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind, or violation by the Releasees of the FLSA. Defendant specifically and categorically denies engaging in any wrongful act whatsoever. The Parties mutually acknowledge and affirm that neither this Agreement nor the furnishing of the consideration for this Agreement is admissible or relevant to any other lawsuit, arbitration, investigation, hearing, proceeding, or dispute of any kind, and shall not be considered or construed against either Party or any Releasees to the fullest extent permitted by applicable law.

      8.      **PAYMENT OF ATTORNEYS' FEES.**    Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 3.

      9.      **AUTHORITY TO ENTER INTO AGREEMENT.**    The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the

terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

10.  **SEVERABILITY.**  If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

11.  **EXECUTION OF AGREEMENT IN COUNTERPARTS.**  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

12.  **RIGHT TO ATTORNEYS' FEES FOR ENFORCEMENT.**  In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

13.  **CHOICE OF LAW AND VENUE.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida, or if that court declines to exercise jurisdiction, venue shall be proper in St. Johns County, Florida. The Parties agree to allow this Court to retain jurisdiction over any dispute arising over this Agreement.

14.  **OPPORTUNITY TO REVIEW & TRANSLATE.**  Borich acknowledges that she is aware she is giving up all unpaid compensation claims she may have against the Releases. Borich acknowledges that she has been advised in writing to consult with an attorney and has the opportunity to seek legal advice before executing this Agreement. Borich also acknowledges that she has been advised in writing that she may obtain a translation of this Agreement in her native language prior to executing this Agreement. In this regard, Borich acknowledges that she has both consulted with her counsel-of-record, her attorneys with Florin Gray Bouzas Owens, LLC, and reviewed this Agreement prior to executing it, and is satisfied that her attorneys have explained to her all of her options in connection with this Agreement. Borich affirms that she signs this Agreement voluntarily.

15.  **FULL PARTICIPATION.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

16.  **SECTION HEADINGS.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

17. **AMENDMENTS.** This Agreement may not be amended, modified, altered, or changed except by a written agreement which is both signed by the Parties and which makes specific reference to this Agreement.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAH 3 ABOVE, BORICH FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Date: October 11, 2020

*Alena Borich*
Alena Borich

Date: 10/14/2020

Sign
Print Name: Stan Januska
Vacation Rental Pros Property Management LLC

4813-7032-1869, v. 2