UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ALENA BORICH,**

       **Plaintiff,**

v.                                          Case No.:  3:20-cv-490-J-39JRK

**VACATION RENTALS PROS PROPERTY MANAGEMENT, LLC,**

       **Defendant.**

_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 17; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on November 23, 2020.  In the Report, the Magistrate Judge recommends that the Court grant in part the parties' Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice (Doc. 14).  Report at 5.  The Magistrate also recommends that the Court dismiss the case with prejudice.  No party filed an objection to the Report and the time to do so has passed.[1]  Accordingly, the matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of fact are filed, the district judge is not required to conduct a *de*

---

[1] Rule 6.02(a), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) directs that any objections to a report and recommendation should be filed within fourteen days after service of the report and recommendation.

*novo* review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  Further, if no objections to a magistrate judge's report and recommendation are filed, the district court reviews legal conclusions only for plain error and only if necessary in the interests of justice.  Shepherd v. Wilson, 663 F. App'x 813, 816 (11th Cir. 2016); see also Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015) (noting that under 11th Circuit Rule 3-1, the appellant would have waived his ability to object to the district court's final order on a report and recommendation where appellant failed to object to that report and recommendation).  "Under plain error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016) (citing Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329 (11th Cir. 1999)).  Upon independent review of the entire record, the undersigned finds no plain error in the Report.

Accordingly, it is hereby

**ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 17) is **ADOPTED** as the opinion of this Court.

2. The parties' Joint Motion to Approve FLSA Settlement and for Dismissal with Prejudice (Doc. 14), is hereby **GRANTED**.

3. The Settlement Agreement (Doc. 14, Ex. A) is **APPROVED in part** as further addressed in the Report and Recommendation.

4. This case is **DISMSSED with prejudice**.

5. The Clerk of the Court is **DIRECTED** to terminate all deadlines and motions, and to close this case.

**DONE AND ORDERED** in Jacksonville, Florida, this **20th** day of January, 2021.

_____
BRIAN J. DAVIS
United States District Judge

*Copies furnished to:*

Honorable James R. Klindt
United States Magistrate Judge

Counsel of Record

*ap*